MEMORANDUM **
James and Katherine McCalmont appeal the district court’s order granting a motion to dismiss for failure to state a claim brought by the Federal National Mortgage Association (Fannie Mae). We have jurisdiction under 28 U.S.C. § 1291.
The McCalmonts’ complaint contains sufficient plausible allegations to raise the reasonable inference that Fannie Mae “regularly engages ... in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing con *332 sumer reports to third parties,” and therefore qualifies as a “consumer reporting agency” under 15 U.S.C. § 1681a(f). Specifically, it alleges that Fannie Mae assembles various reports containing consumer credit information, stating that “[t]hrough the DU system, Fannie Mae obtains an applicant’s three-file and/or ‘tri-merge’ consumer report from either a reseller of credit information, or one or more of the three (3) major credit repositories” and “Fannie Mae’s DU system assembles reviews, assesses and evaluates all of the information it obtains from the lender and/or broker, and the consumer reporting agencies and/or resellers, including the consumer reports, and generates its own report, known most frequently as the Desktop Underwriting Findings report (‘DU Findings Report’).” The complaint also makes the plausible allegation that Fannie Mae evaluates the consumer credit information, stating that “the DU Findings Report contains findings, conclusions, comments and results reached by Fannie Mae concerning the applicant’s credit and his or her ‘eligibility’ for loan purchase by Fannie Mae.” The complaint also contains plausible allegations that Fannie Mae furnishes consumer reports to third parties, stating that Fannie Mae “compiles, issues, maintains and sells its DU Findings Reports to lenders and/or brokers on a nationwide basis.” We reject Fannie Mae’s argument that because its licensing agreement makes it an agent of each lender licensed to use the DU system, Fannie Mae is providing reports to its principals, not to third parties. Even if we deem the DU system licensing agreement to be incorporated into the complaint by reference, its ambiguous statement that Fannie Mae is deemed to be the agent of the lender for certain limited purposes at most raises a triable issue of fact that cannot be resolved at the motion to dismiss stage.
Second, the McCalmonts’ complaint plausibly alleges that the DU Findings Report qualifies as a “consumer report” for purposes of 15 U.S.C. § 1681a(d). In stating that the report communicates information regarding prior short sales or prior foreclosures and that the provision of erroneous information regarding prior foreclosures results in consumers being unable to obtain mortgage financing, it plausibly alleges that information provided by the DU Findings Report “bear[s] on a consumer’s credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.”[1] See 15 U.S.C. § 1681a(d)(l).
We reject Fannie Mae’s argument that it is not a consumer reporting agency as a matter of law based on the language of 15 U.S.C. § 1681g(g)(l)(B)(ii), which states that a mortgage lender should disclose a credit score generated by Fannie Mae using the procedures applicable to credit scores not obtained from consumer reporting agencies. Reading this section in context, we see no indication that Congress intended to exclude Fannie Mae from the definition of “consumer reporting agency,” and we decline to read such an intent into the statute.
Finally, the McCalmonts’ complaint alleges facts sufficient to raise a plausible inference that Fannie Mae failed to “follow reasonable procedures to assure maximum possible accuracy” of the DU Findings Report in violation of 15 U.S.C. § 1681e(b). The complaint alleges that none of the *333 McCalmonts’ lenders reported that the McCalmonts had “been through a foreclosure,” that “a previous short sale has wrongly been flagged by Fannie Mae as a foreclosure,” and that this error was the result of the DU system’s inability to distinguish between foreclosures and other adverse credit events.
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Contrary to the dissent, a bank or lender that declines to make or purchase a loan "and gives reasons for its decision,” Dissent at 2, cannot meet the definition of "consumer reporting agency” unless such bank or lender "regularly engages ... in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.” 15 U.S.C. § 1681a(f).